1 Kevin D. Smith (State Bar No. 113633)
  ksmith@wshblaw.com
2 Stacey F. Blank (State Bar No. 174378)
  sblank@wshblaw.com
3 **WOOD, SMITH, HENNING & BERMAN LLP**
  10960 Wilshire Boulevard, 18th Floor
4 Los Angeles, California 90024-3804
  Phone: 310-481-7600 ♦ Fax: 310-481-7650
5

6 Attorneys for Defendant Swift Transportation Co. of Arizona, LLC. erroneously
  named and served as Swift Transportation Company, Inc.
7

8 **UNITED STATES DISTRICT COURT**

9 **CENTRAL DISTRICT OF CALIFORNIA**

10

11 JAMES JOHNSON, an individual,          Case No.

12          Plaintiff,                     **NOTICE OF REMOVAL**

13     v.                                  Trial Date:        None Set

14 SWIFT TRANSPORTATION, INC., an
   Arizona Corporation, and DOES 1
15 through 20, inclusive,

16          Defendants.

17

18    **PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, and

19 1446, Defendant SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, which

20 was erroneously named and served as "Swift Transportation Company, Inc.[1]"

21 (hereinafter, "Defendant Swift") hereby removes the state court action in Los

22 Angeles County Superior Court described below to the United States District Court

23 for the Central District of California, Western Division, asserting original

24 jurisdiction under 28 U.S.C. § 1332(a)(1) (Diversity), and removal jurisdiction

25 under 28 U.S.C. § 1441, based on diversity of citizen jurisdiction and states that

26 removal is proper for the following reasons set forth more fully herein.

27 ──────────────

28    [1] This entity was dissolved in 2010 ,prior to the dates alleged in the complaint.

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

I. **BACKGROUND**

1.     Plaintiff James Johnson ("Plaintiff") filed this action against Defendant Swift on April 23, 2019 in Los Angeles County Superior Court, case entitled: *James Johnson v. Swift Transportation Inc.*, Case No. 19STCV14077 (the "State Court Action").  (Declaration of Stacey F. Blank, hereinafter "Blank Dec." at ¶2.)

2.     In his Complaint, Plaintiff purports to allege claims against Defendant Swift for Wrongful Termination under FEHA (First Cause of Action); Disability Discrimination under FEHA (Second Cause of Action); Business and Professions Code § 17200 *et. seq.* violations (Third Cause of Action); Failure to Provide Reasonable Accommodations under Govt. Code § 12940 *et. seq.* (Fourth Cause of Action); Failure to Engage in the Interactive Process under Govt. Code § 12940 *et. seq.* (Fifth Cause of Action); and Wrongful Termination in Violation of Public Policy (Sixth Cause of Action) ("Blank Dec." at ¶3.)

3.     As discussed in greater detail below, Defendant Swift is, and was at this institution of this civil action, a limited liability company organized under the laws of Delaware, with its principal place of business in Phoenix, Arizona.  For diversity purposes, a limited liability company is deemed to be a citizen of the state of each of its members. *Johnson v. Columbia Properties Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006).  Swift's sole member is, and was at the institution of this civil action, Knight-Swift Transportation Holdings, Inc. ("Knight-Swift").  Knight-Swift Transportation Holdings, Inc. is, and was at the institution of this civil action, a corporation incorporated under the laws of Delaware with its principal place of business in Phoenix, Arizona.

4.     On or about April 30, 2019, Defendant Swift first received notice of the State Court Action when Swift received a copy of the summons and complaint at its Jurupa Valley Terminal. (Declaration of Rachel Monti, hereinafter "Monti Dec." at ¶2).  While the summons declares this as "personal service", pursuant to Cal. Code of Civil Procedure section. 416.10 this was not proper personal service as personal

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ◆ FAX 310-481-7650

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ● FAX 310-481-7650

1   service is only effective upon a person designated as an agent for service of process,
2   or to the corporation's president, chief executive office, or a person authorized by
3   the corporation to receive service of process.  The Jurupa Valley terminal is not a
4   person designated as an agent for service of process, nor is Swift's president, chief
5   executive officer, or a person authorized by the corporation to receive service of
6   process located at the Jurupa Valley terminal. (*Id.* at ¶3.)

7        5.    Copies of the (1) Summons, (2) Civil Case Cover Sheet, (3) Civil Case
8   Cover Addendum & Statement of Location, (4) Notice of Case Assignment
9   Unlimited Civil Case, (5) Complaint, (6) Voluntary Efficient Litigation Stipulations
10  including Discovery Resolution, Early Organizational Meeting, Informal Discovery
11  Conference, and Stipulation and Order – Motions in Limine, and (7) Alternative
12  Dispute Resolution Information Package are collectively attached hereto as Exhibit
13  "A." (Blank Dec. at ¶4.)

14       6.    Although Defendant Swift contests the legitimacy of service on April
15  30, 2019, out of an abundance of caution, Defendant Swift hereby files its removal
16  within the 30-day removal time period pursuant to 28 U.S.C. § 1446(b).

17  **II.**    **LEGAL AUTHORITY**

18       7.    28 U.S.C. § 1446(a) provides that "[a] defendant or defendants desiring
19  to remove any civil action from a State court shall file in the district court of the
20  United States for the district and division within which such action is pending a
21  notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil
22  Procedure and containing a short and plain statement of the grounds for removal,
23  together with a copy of all process, pleadings, and orders served upon such
24  defendant or defendants in such action.

25  **III.**    **GROUNDS FOR REMOVAL**

26       As set forth more fully below, this Court has subject matter jurisdiction under
27  28 U.S.C. § 1332, which confers original jurisdiction of "all civil actions where the
28  matter in controversy exceeds the sum or value of $75,000, exclusive of interest and

1  costs, and is between … citizens of different States and in which citizens or subjects

2  of a foreign state are additional parties[.]"

3  **A.    DIVERSITY JURISDICTION EXISTS**

4      8.    This Court has original jurisdiction under 28 U.S.C. section 1332 and

5  Defendant may remove it from state court to federal court pursuant to 28 U.S.C. §

6  1441 because it involves a controversy which exceeds the sum or value of Seventy-

7  Five Thousand Dollars ($75,000) and is between citizens of different states.

8  **B.    CITIZENSHIP OF THE PARTIES**

9      **1.    Plaintiff is a Citizen of California**

10     9.    Plaintiff is a resident of the County of Los Angeles. (See Exhibit A,

11  Compl. ¶2.)  Based on information and belief, Plaintiff is a citizen of California.

12  Residence is prima facie evidence of domicile.  (*See State Farm Mut. Auto Ins. Co.*

13  *v. Dyer* (1994) 19 F.3d 514, 520.)

14     **2.    Defendant is Not a Citizen of California**

15     10.    Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a

16  citizen of any State by which it has been incorporated and of the State where it has

17  its principal place of business."  Swift Transportation Co. of Arizona LLC is a

18  Delaware limited liability company and has its principal place of business in

19  Phoenix, Arizona. (Monti Dec., ¶1,4, 5.)  Insofar as Phoenix, Arizona is the site of

20  the Defendant Swift's corporate headquarters and executive officers, where

21  Defendant Swift's high level officers direct, control and coordinate the Company's

22  activities, Defendant Swift's "nerve center" is in Arizona. (*Id.*; *Hertz Corp. v.*

23  *Friend*, 130 S.Ct. 1181, 1192 (2010).)  Accordingly, Defendant Swift is a citizen of

24  the State of Arizona – not a citizen of the State of California, for removal purposes.

25     **3.    Doe Defendants**

26     11.    Pursuant to 28 U.S.C. § 1441(a) the residence of fictitious and

27  unknown defendants should be disregarded for purposes of establishing removal

28  jurisdiction under 28 U.S.C. § 1332. (*Fristoe v. Reynolds Metals Co.* (1980) 615

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

F.2d 1209, 1213 (unnamed defendants are not required to join in a removal petition).)  Thus, the existence of Doe defendants one through 50 does not deprive this Court of jurisdiction.

**C.    PLAINTIFF'S COMPLAINT EVIDENCES THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.**

12.    Plaintiff's Complaint, filed on April 23, 2019, and purportedly served on April 30, 2019, specifically seeks "no less than $500,000.00 . . ." for the claims alleged. (See Exhibit "A" Compl. at p.17.)  Accordingly, this amount clearly exceeds the $75,000.00 jurisdictional requirement of 28 U.S.C. § 1332(a).

**D.    VENUE**

13.    Plaintiff originally filed this action in the Superior Court of the State of California, County of Los Angeles.  The County of Los Angeles lies within the jurisdiction of the United States District Court, Central District of California, Western Division.

14.    Therefore, without waiving Defendant's right to challenge, among other things, personal jurisdiction and/or venue by way of a motion or otherwise, venue lies in the Central District of this Court, Western Division, pursuant to 28 U.S.C. Sections 84(c), 1441(a), and 1446(a).  This Court is the United States District Court for the district within which the State Court Action is pending.  Thus, venue lies in this Court pursuant to 28 U.S.C. § 1441(a).

**E.    TIMELINESS OF REMOVAL**

15.    This Notice of Removal is timely as it is filed within 30 days following purported service of the Complaint, April 30, 2019, which asserts an amount in controversy greater than $75,000.00. (28 U.S.C. § 1446(b)(3) and (c)(3)(A).)

**F.    ALL NECESSARY PARTIES HAVE JOINED IN THIS REMOVAL**

16.    Defendant Swift is the only named defendant to the action. ( Blank Dec. ¶5.)

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

## G.   **NOTICE OF REMOVAL**

17.   This Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California in and for the County of Los Angeles.

18.   In compliance with 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders served" upon or by Defendants in this action are attached hereto as Exhibits "A".

WHEREFORE, Defendants request that the above action pending before the Superior Court of the state of California for the County of Los Angeles be removed to the United States District Court for the Central District of California, Western Division.

DATED: May 21, 2019

WOOD, SMITH, HENNING & BERMAN LLP

By: _____

STACEY F. BLANK

Attorneys for Defendant Swift Transportation Co. of Arizona, LLC. erroneously named and served as Swift Transportation Company, Inc.

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 04/23/2019 08:59 AM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores-Hernandez, Deputy Clerk
19STCV14077

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SWIFT TRANSPORTATION, INC., an Arizona Corporation, and
DOES 1 through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JAMES JOHNSON, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse<br>111 N. Hill Street, Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>19STCV14077 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jonathan LaCour, Employees First Labor Law, 225 S. Lake Ave., 3rd Fl., Pasadena, CA 91101, 310-853-3461

| DATE: April 23, 2019<br>*(Fecha)* | Clerk, by<br>*(Secretario)* _____ | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Swift Transportation Inc.

 under: ☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
 ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
 ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
 ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 4/30/19

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Electronically FILED by Superior Court of California, County of Los Angeles on 04/23/2019 01:34 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores-Hernandez,Deputy Clerk

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jonathan P. LaCour (SBN 285098)<br>Employees First Labor Law<br>225 S. Lake Ave., 3rd Floor<br>Pasadena, CA 91101<br>TELEPHONE NO.: (310) 853-3461   FAX NO.: (949) 743-5442<br>ATTORNEY FOR *(Name):* James Johnson | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
James Johnson v. Swift Transportation, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 19STCV14077 |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT.: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☑ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* Six (6)
5. This case ☐ is ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 23, 2019

Jonathan P. LaCour
(TYPE OR PRINT NAME)                                    ▶                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer
         or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-
      domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
      harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

**CIVIL CASE COVER SHEET**

Electronically FILED by Superior Court of California, County of Los Angeles on 04/23/2019 02:11 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores-Hernandez,Deputy Clerk

| SHORT TITLE: James Johnson v. Swift Transportation, Inc. | CASE NUMBER 19STCV14077 |
| --- | --- |

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

> **Applicable Reasons for Choosing Court Filing Location (Column C)**

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
| --- | --- | --- | --- |
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: James Johnson v. Swift Transportation, Inc. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: James Johnson v. Swift Transportation, Inc. | | CASE NUMBER | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: James Johnson v. Swift Transportation, Inc. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☑ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br>1605 Chapin Rd. |
|---|---|
| CITY:<br>Montebello | STATE:<br>CA | ZIP CODE:<br>90640 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the <u>Central</u> District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: <u>April 23, 2019</u>

<u>(SIGNATURE OF ATTORNEY/FILING PARTY)</u>

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**04/23/2019**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: Heather A. Flores-Hernandez, Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>19STCV14077 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Elizabeth Allen  White | 48 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 04/23/2019
(Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By Heather A. Flores-Hernandez          , Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

19STCV14077

Jonathan P. LaCour, Esq. (SBN: 285098)
Lisa Noveck, Esq. (SBN: 316660)
**EMPLOYEES FIRST LABOR LAW P.C.**
225 S. Lake Ave., 3rd Floor
Pasadena, California 91101
Telephone:     (310) 853-3461
Facsimile:     (949) 743-5442
Email:     jonathanl@pierrelacour.com
           lisan@pierrelacour.com

Attorneys for Plaintiff, JAMES JOHNSON

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

| | |
|---|---|
| JAMES JOHNSON, an individual,<br><br>                    Plaintiff,<br><br>          v.<br><br>SWIFT TRANSPORTATION, INC., an Arizona Corporation, and DOES 1 through 20, inclusive,<br><br>                    Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1.  **WRONGFUL TERMINATION IN VIOLATION OF FEHA (GOVT. CODE § 12940 ET SEQ.);**<br>2.  **FEHA VIOLATIONS BASED UPON DISABILITY DISCRIMINATION;**<br>3.  **VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 *ET SEQ.*;**<br>4.  **FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**<br>5.  **FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.; AND**<br>6.  **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**<br><br>    **DEMAND OVER $25,000**<br><br>    **[DEMAND FOR JURY TRIAL]** |

**COMES NOW PLAINTIFF,** JAMES JOHNSON**,** for causes of action against Defendants and each of them, alleges as follows:

-1-

EMPLOYEES FIRST LABOR LAW
225 S. LAKE AVE, 3rd FLOOR
PASADENA, CALIFORNIA 91101

**JURISDICTION**

1.    This Court is the proper court, and this action is properly filed in Los Angeles County, because Defendant's obligations and liability arise therein, because Defendant maintains locations and transacts business within Los Angeles County, and because the work that is the subject of this action was performed by Plaintiff in Los Angeles County.

**THE PARTIES**

2.    Plaintiff, JAMES JOHNSON, is and at all times relevant hereto was a resident of the County of Los Angeles, State of California.

3.    Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant SWIFT TRANSPORTATION, INC. (hereinafter referred to as "Defendant") was and is an Arizona corporation doing business at 1605 Chapin Rd., Montebello, CA 90640.

4.    Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant owned and/or operated a freight transportation company and availed itself of the rights and privileges of the State of California.

5.    Defendant was Plaintiff's employer within the meaning of Government Code §§12926, subdivision (d), 12940, subdivisions (a),(h),(1), (h)(3)(A), and (i), and 12950, and regularly employs five (5) or more persons and is therefore subject to the jurisdiction of this Court.

6.    The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants named herein as DOES 1-20, inclusive, are unknown to Plaintiff at this time and therefore said Defendants are sued by such fictitious names. Plaintiff will seek leave to amend this complaint to insert the true names and capacities of said Defendants when the same become known to Plaintiff. Plaintiff is informed and believes, and based thereupon alleges, that each of the fictitiously named Defendants is responsible for the wrongful acts alleged herein, and is therefore liable to Plaintiff as alleged hereinafter.

7.    Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, coconspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part

-2-

1   within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status,

2   successor status and/or joint venture and with the permission and consent of each of the other

3   Defendants.

4       8.   Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each of

5   them, including those defendants named as DOES 1-20, acted in concert with one another to commit

6   the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in

7   the wrongful acts alleged herein, and/or attempted to do so, including pursuant to Government Code

8   §12940(i).  Plaintiff is further informed and believes, and based thereupon alleges, that Defendants,

9   and each of them, including those defendants named as DOES 1-20, and each of them, formed and

10  executed a conspiracy or common plan pursuant to which they would commit the unlawful acts

11  alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy,

12  intended to cause and actually causing Plaintiff harm.

13      9.   Whenever and wherever reference is made in this complaint to any act or failure to act by a

14  Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts

15  and/or failures to act by each Defendant acting individually, jointly and severally.

16      10.  Plaintiff has filed complaints of discrimination, harassment, retaliation, failure to prevent

17  discrimination or retaliation, and wrongful termination under Government Code §§12940, et seq., the

18  California Fair Employment and Housing Act ("FEHA") with the California Department of Fair

19  Employment and Housing ("DFEH"), and has satisfied Plaintiff's administrative prerequisites with

20  respect to these and all related filings.

21                    **ALTER EGO, AGENCY, SUCCESSOR AND JOINT EMPLOYER**

22      11.  Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity of

23  interest and ownership between Defendant and DOES 1-20 that the individuality and separateness of

24  Defendant has ceased to exist.

25      12.  Plaintiff is informed and believes, and based thereon alleges, that despite the formation of

26  purported corporate existence, Defendant and DOES 1-20 are, in reality, one and the same as

27  Defendant, including, but not limited to because:

28

EMPLOYEES FIRST LABOR LAW
225 S. LAKE AVE., 3ʳᵈ FLOOR
PASADENA, CALIFORNIA 91101

a.      Defendant is completely dominated and controlled by DOES 1-20, who personally committed the frauds and violated the laws as set forth in this complaint, and who have hidden and currently hide behind Defendant to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose.

b.      DOES 1-20 derive actual and significant monetary benefits by and through Defendant's unlawful conduct, and by using Defendant as the funding source for their own personal expenditures.

c.      Plaintiff is informed and believes that Defendant and DOES 1-20, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose.

d.      Plaintiff is informed and believes that Defendant does not comply with all requisite corporate formalities to maintain a legal and separate corporate existence.

e.      Plaintiff is informed and believes, and based thereon alleges, that the business affairs of Defendant and DOES 1-20 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion. Defendant is, and at all times relevant hereto was, used by DOES 1-20 as a mere shell and conduit for the conduct of certain of Defendant's affairs, and is, and was, the alter ego of DOES 1-20. The recognition of the separate existence of Defendant would not promote justice, in that it would permit Defendant to insulate itself from liability to Plaintiff for violations of the Government Code and other statutory violations. The corporate existence of Defendant and DOES 1-20 should be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein.

13. Accordingly, Defendant constitutes the alter ego of DOES 1-20, and the fiction of their separate corporate existence must be disregarded.

14. As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Defendant and DOES 1-20 are Plaintiff's joint employers by virtue of a joint enterprise, and that Plaintiff was an employee of Defendant, and DOES 1-20. Plaintiff performed services for

EMPLOYEES FIRST LABOR LAW
225 S. LAKE AVE., 3rd FLOOR
PASADENA, CALIFORNIA 91101

-4-

each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control of Plaintiff as an employee, either directly or indirectly, and the manner in which Defendants' business was and is conducted.

15. Alternatively, Plaintiff is informed and believes and, based thereupon alleges, that as and between DOES 1-20 and Defendants, (1) there is an express or implied agreement of assumption pursuant to which DOES 1-20 agreed to be liable for the debts of Defendant, (2) the transaction between DOES 1-20 and Defendant amounts to a consolidation or merger of the two corporations, (3) DOES 1-20 is a mere continuation of Defendant, or (4) the transfer of assets to DOES 1-20 is for the fraudulent purpose of escaping liability for Defendant's debts.   Accordingly, DOES 1-20 are the successors of Defendant, and are liable on that basis.

## **FACTUAL ALLEGATIONS**

16. Defendant hired Plaintiff as a truck driver on or about July 7, 2017 at a rate of pay of $18.75 per hour.  Plaintiff's duties included traveling to train yards to pick up shipping containers and then taking those containers to various distribution centers.  Plaintiff generally worked 12 hour shifts for five to six days per week throughout his employment.

17. Throughout the entirety of his employment, Plaintiff performed all of his job duties satisfactorily and never received any complaints.

18. On or about November 13, 2018, Plaintiff became disabled when he injured his back by slipping on fuel at a gas station and falling on the ground.

19. When Plaintiff got back into his truck to start driving again, he began hurting, and so he called his acting supervisor, Angel (last name unknown) to inform him of the injury.   Angel also told Plaintiff to ice his injury and that if Plaintiff still did not feel well after that, to make a doctor's appointment.

20. Plaintiff promptly went home and attempted to treat his injury by icing it, but the next morning he was still in pain.  Plaintiff therefore made a doctor's appointment for that same day, November 14, 2018.

21. At that appointment, Plaintiff's doctor confirmed that Plaintiff suffered a back injury in the form of a lumbar strain, prescribed chiropractic therapy and pain medication, and gave Plaintiff a

EMPLOYEES FIRST LABOR LAW
225 S. LAKE AVE., 3rd FLOOR
PASADENA, CALIFORNIA 91101

return to work notice as of November 14, 2018 with restrictions that Plaintiff should limit his stooping, bending, lifting, pulling, and pushing. Plaintiff's restrictions also included that he not drive the company truck for Defendant. At that time, Plaintiff's doctor expected Plaintiff to recover and no longer need restrictions by December 31, 2018. Plaintiff sent Defendant this doctor's note on or about the same day of his appointment. Plaintiff's supervisor indicated he could not return to work with restrictions.

22. Plaintiff, however, was eager to continue working his normal job duties for Defendant, and believed that he could resume working his 12 hour shifts for Defendant shortly after his injury, with or without accommodations. To comply with his supervisor's request, Plaintiff returned to his doctor on or about November 16, 2018, who at that time issued Plaintiff a return to work notice without restrictions.

23. Plaintiff provided Defendant with his return to work notice without restrictions and called his supervisor Johnny Larue ("Mr. Larue"), indicating that he was ready to return to work.

24. Nevertheless, Mr. Larue then told Plaintiff that Defendant was terminating Plaintiff from employment despite Plaintiff's satisfactory performance. Although Plaintiff attempted to challenge his termination with Defendant, Plaintiff never received any response from Defendant as to his challenge.

25. Defendant issued Plaintiff a separation of employment notice, listing discharge as the reason for separation, and dating the date of discharge as November 16, 2018.

26. At all relevant times, Defendant failed to properly engage in a good faith interactive process in an effort to properly accommodate Plaintiff's disability and/or medical condition such that Plaintiff could continue working for Defendant.

27. At all relevant times, Defendant failed to reasonably accommodate Plaintiff even though Plaintiff was able to perform Plaintiff's essential job duties with or without accommodations.

28. Plaintiff's termination was substantially motivated by Plaintiff's disability or perceived disability, medical condition or perceived medical condition, request for accommodation, and/or engagement in protected activities, without any discussion of disability accommodations or any good faith attempt to engage in the interactive process with Plaintiff.

EMPLOYEES FIRST LABOR LAW
225 S. LAKE AVE. 3rd FLOOR
PASADENA, CALIFORNIA 91101

29. Defendant's conduct described herein was undertaken, authorized, and/or ratified by Defendant's officers, directors and/or managing agents, including, but not limited to those identified herein as DOES 1 through 20, who were authorized and empowered to make decisions that reflect and/or create policy for Defendant. The aforementioned conduct of said managing agents and individuals was therefore undertaken on behalf of Defendant who further had advanced knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized, and approved by managing agents whose precise identities are unknown to Plaintiff at this time and are therefore identified and designated herein as DOES 1 through 20, inclusive.

30. As a result of Defendant's actions, Plaintiff has suffered and will continue to suffer general and special damages, including severe and profound pain and emotional distress, anxiety, depression, headaches, tension, and other physical ailments, physical injury related to emotional distress, as well as medical expenses, expenses for psychological counseling and treatment, and past and future lost wages and benefits.

31. As a result of the above, Plaintiff is entitled to past and future lost wages, bonuses, commissions, benefits and loss or diminution of earning capacity.

32. Plaintiff claims general damages for emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

33. Because the acts taken toward Plaintiff were carried out by officers, directors and/or managing agents acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of Plaintiff's rights and in order to injure and damage Plaintiff, Plaintiff requests that punitive damages be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum of this Court.

**FIRST CAUSE OF ACTION**
**WRONGFUL TERMINATION IN VIOLATION OF FEHA**
**(Cal. Govt. Code §§ 12940 et seq.))**
**Against All Defendants**

34. Plaintiff re-alleges the information set forth in the preceding paragraphs and incorporates it into this cause of action as if it was fully alleged herein.

EMPLOYEES FIRST LABOR LAW
225 S. LAKE AVE, 3RD FLOOR
PASADENA, CALIFORNIA 91101

35. Defendants, and each of them, including its agents, employees and representatives are subject to suit under Sections 12940, et. seq., of the California Fair Employment and Housing Act ("FEHA") as embodied in the California Government Code.

36. California Government Code §12921(a) states, "[t]he opportunity to seek, obtain, and hold employment without discrimination because of…physical disability…medical condition…sex, gender…is hereby recognized as and declared to be a civil right."  Moreover, Government Code §12940 states in relevant part, "[i]t is an unlawful employment practice, unless based upon a bona fide qualification…[f]or an employer, because of…physical disability, medical condition …sex, gender …to discharge the person from employment or to discriminate against the person in compensation or in terms, conditions, or privileges of employment."

37. Plaintiff is a man who has a physical disability/medical condition, as defined under Government Code § 12926 et. seq.  Moreover, at the time of this Complaint and at all relevant times, Plaintiff was disabled.

38. Plaintiff is informed and believes and thereon alleges that Defendants and each of them, in violation of Government Code §§ 12940 et seq., terminated Plaintiff's employment because of his physical disability.

39. Plaintiff filed a complaint with the California Department of Fair Employment and Housing ("DFEH"). On April 22, 2019, Plaintiff received a "Right-to-Sue" Letter from the California Department of Fair Employment and Housing. Attached hereto as EXHIBIT 1 is a true and correct copy of the referenced "Right-to-Sue" Letter that Plaintiff received.

40. As a proximate result of the conduct of Defendant, Plaintiff has suffered general and special damages in a sum according to proof, but which amount exceeds the jurisdictional minimum of this Court, with interest thereon at the maximum legal rate.

41. As a result of the aforesaid acts of Defendant, Plaintiff claims general damages for mental and emotional distress and aggravation, and physical injury related to emotional distress in an amount to be proven at the time of trial.

42. The acts and conduct of Defendants, and each of them, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in Civil Code § 3294(c)), in that it was intended by

EMPLOYEES FIRST LABOR LAW
225 S. LAKE AVE. 3ᵗʰ FLOOR
PASADENA, CALIFORNIA 91101

Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried on by Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

43. The acts of Defendants, and each of them, were done fraudulently, maliciously and oppressively and with the advanced knowledge, conscious disregard, authorization, or ratification within the meaning of <u>Civil Code</u> §3294 on the part of Defendant's officers, directors, or managing agents of the business. The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention of Defendant's part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

44. Plaintiff is further entitled to attorneys' fees pursuant to <u>Government Code</u> § 12965(b).

**SECOND CAUSE OF ACTION**
**FEHA VIOLATIONS BASED UPON DISABILITY DISCRIMINATION**
**(Cal. Govt. Code § 12940(a), et seq.)**
**Against All Defendants**

45. Plaintiff re-alleges the information set forth in the preceding paragraphs and incorporates it into this cause of action as if it was fully alleged herein.

46. This cause of action is based upon:

    a. <u>Cal. Gov. Code</u> § 12940(a), which prohibits employers from discriminating against an employee in compensation or in terms, conditions, or privileges of employment because of his or her disability.

47. Plaintiff alleges Defendant treated him differently from similarly situated employees because he was disabled. Plaintiff contends that if he were not disabled, Defendant would not have exhibited the behavior and conduct alleged in this Complaint. Specifically, Plaintiff alleges the following acts were committed by Defendant because Plaintiff was disabled:

    a. Denying Plaintiff the ability to return to work upon his release without restrictions;

    b. Terminating the employment of Plaintiff specifically because of his medical condition;

-9-

EMPLOYEES FIRST LABOR LAW
225 S. LAKE AVE. 3rd FLOOR
PASADENA, CALIFORNIA 91101

48. Plaintiff has exhausted his administrative remedies against Defendant for FEHA prohibited disability discrimination, as evidence by the documents attached as Exhibit "1" to this Complaint.

49. As a direct, foreseeable, and proximate result of the outrageous conduct of Defendants, and each of them, Plaintiff has suffered, and continues to suffer emotional distress, including stress, anxiety, anger, humiliation, loss of self confidence, loss of self-esteem, feelings of hopelessness, and feelings of betrayal, physical injury related to emotional distress, plus future expenses incurred in seeking professional medical treatment for the aforementioned symptoms, all of which was and is to his damage in a sum within the minimum jurisdiction of this Court, to be ascertained according to proof.

50. Plaintiff is informed, believes, and based thereon, alleges that the outrageous conduct of Defendants, and each of them, as described above was done with oppression and malice, and was thereafter ratified by those other individuals who were either officers, directors, and/or managing agents of the named corporate Defendant. These unlawful acts were further ratified by the corporate Defendant and/or its agents as they were done with a conscious disregard for Plaintiff's rights and with the intent, design and purpose of injuring Plaintiff given that the harm to him was readily foreseeable. By reason thereof, Plaintiff is entitled to punitive or exemplary damages against Defendants, and each of them, for their acts as described in this cause of action in a sum to be determined at the time of trial.

51. The grossly reckless, and/or intentional, malicious, and bad faith manner in which Defendants, and each of them, engaged in those acts as described in this cause of action by willfully violating those statutes enumerated in this cause of action, Plaintiff is entitled to punitive damages against said Defendants, and each of them, in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish said Defendants, deter them from engaging in such conduct again, and to make an example of them to others.

52. For the part of this cause of action for FEHA liability, Plaintiff pleads for reversed attorney's fees and costs as allowed by California Government Code § 12965(b).

**THIRD CAUSE OF ACTION**
**VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 ET SEQ.**
**Against All Defendants**

EMPLOYEES FIRST LABOR LAW
225 S. LAKE AVE, 3RD FLOOR
PASADENA, CALIFORNIA 91101

-10-

53. Plaintiff re-alleges the information set forth in the preceding paragraphs and incorporates it into this cause of action as if it was fully alleged herein.

54. Plaintiff, on behalf of himself, Employees, and the general public, brings this claim pursuant to Business & Professions Code § 17200 et seq. The conduct of Defendant as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Employees and the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of valid California law and specifically Code of Civil Procedure § 1021.5.

55. Plaintiff is a "person" within the meaning of Business & Professions Code § 17204, has suffered injury, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

56. Business & Professions Code § 17200 et seq. prohibits unlawful and unfair business practices.

57. Defendant has violated statutes and public policies. Through the conduct alleged in this Complaint, Defendant has acted contrary to these public policies, has violated specific provisions of the Labor Code, and has engaged in other unlawful and unfair business practices in violation of Business & Professions Code § 17200 et seq.; which conduct has deprived Plaintiff, and all persons similarly situated, and all interested persons, of the rights, benefits, and privileges guaranteed to all employees under the law.

58. Defendant's conduct, as alleged hereinabove, constitutes unfair competition in violation of the Business & Professions Code § 17200 et seq.

59. Defendant, by engaging in the conduct herein alleged, by discriminating against Plaintiff due to his disability and medical condition violated well established public policy of the State of California; therefore its conduct violates the Business & Professions Code § 17200 et seq.

60. As a proximate result of the above-mentioned acts of Defendant, Employees have been damaged, in a sum to be proven at trial.

61. Unless restrained by this Court, Defendant will continue to engage in such unlawful conduct as alleged above. Pursuant to the Business & Professions Code, this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use by Defendant or its agents or employees of any unlawful or deceptive practice prohibited by the Business

EMPLOYEES FIRST LABOR LAW
225 S LAKE AVE, 3rd FLOOR
PASADENA, CALIFORNIA 91101

& Professions Code, including but not limited to the disgorgement of such profits as may be necessary to restore Employees to the money Defendant has unlawfully failed to pay.

## FOURTH CAUSE OF ACTION
### FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS
### IN VIOLATION OF GOVT. CODE §§ 12940 ET SEQ.
#### Against All Defendants

62. Plaintiff re-alleges the information set forth in the preceding paragraphs and incorporates it into this cause of action as if it was fully alleged herein.

63. At all times hereto, the FEHA, including in particular Government Code §12940(m), was in full force and effect and was binding upon Defendant. This subsection imposes an ongoing duty on Defendant to make reasonable accommodation for the known physical disability and/or medical condition of an employee.

64. At all relevant times, Plaintiff was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a disability, a physical condition that affected Plaintiff's major life activities, and medical condition of which Defendant had both actual and constructive knowledge.

65. At all times herein, Plaintiff was willing and able to perform the duties and functions of the position in which Plaintiff was employed, or could have performed the duties and functions of that position with reasonable accommodations. At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's disability or medical condition, actually or as it was perceived by Defendant, have been a danger to Plaintiff's or any other person's health or safety. Accommodation of Plaintiff's disability or medical condition, real or perceived by Defendant, would not have imposed an undue hardship on Defendant. Defendant failed and refused to accommodate Plaintiff's disability, failed to engage in the interactive process with Plaintiff and continued to violate this obligation, up to and including the date of Plaintiff's termination or, if Defendant contends Plaintiff was never terminated, through the present and ongoing.

66. The above said acts of Defendant constitute violations of the FEHA, and were a proximate cause in Plaintiff's damage as stated below.

EMPLOYEES FIRST LABOR LAW
225 S. LAKE AVE., 3rd FLOOR
PASADENA, CALIFORNIA 91101

67. The damage allegations described above are herein incorporated by reference.

68. The foregoing conduct of Defendant individually, and/or by and through its officers, directors, and/or managing agents, was intended by Defendant to cause injury to Plaintiff or was despicable conduct carried on by Defendant with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendant.

69. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

**FIFTH CAUSE OF ACTION**
**FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS**
**IN VIOLATION OF GOVT. CODE §§ 12940 ET SEQ.**
**Against All Defendants**

70. Plaintiff re-alleges the information set forth in the preceding paragraphs and incorporates it into this cause of action as if it was fully alleged herein.

71. At all times hereto, the FEHA, including in particular Government Code §12940(n), was in full force and effect and was binding upon Defendant. This subsection imposes an ongoing duty on Defendant to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee with a known physical disability or known medical condition and/or becoming aware of the employee's need for accommodation.

72. At all relevant times, Plaintiff was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a physical disability that affected Plaintiff's major life activities, and medical condition of which Defendant had both actual and constructive knowledge.

73. Plaintiff reported the disability to Defendant and requested accommodation, triggering Defendant's obligation to engage in the interactive process with Plaintiff, but at all times herein, Defendant failed and refused to do so. Thereafter, despite Defendant's continuing obligation to engage in the interactive process with Plaintiff, despite Plaintiff's submission of a doctors' notes

EMPLOYEES FIRST LABOR LAW
225 S. LAKE AVE, 3RD FLOOR
PASADENA, CALIFORNIA 91101

-13-

identifying Plaintiff's condition and Plaintiff's desire to continue working in some capacity, Defendant failed and refused to have any dialogue with Plaintiff whatsoever, on any of these occasions, and Defendant violated, and continued to violate this obligation up to and including the date of Plaintiff's termination or, if Defendant contends Plaintiff was never terminated, through the present and ongoing.

74. The above said acts of Defendant constitute violations of the FEHA, and were a proximate cause in Plaintiff's damage as stated below.

75. The damage allegations, as set forth above inclusive, are herein incorporated by reference.

76. The foregoing conduct of Defendant individually, and/or by and through its officers, directors, and/or managing agents, was intended by Defendant to cause injury to Plaintiff or was despicable conduct carried on by Defendant with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendant.

77. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

**SIXTH CAUSE OF ACTION**
**FOR WRONGFUL TERMINATION**
**IN VIOLATION THE PUBLIC POLICY OF THE STATE OF CALIFORNIA**
**Against All Defendants**

78. Plaintiff re-alleges the information set forth in the preceding paragraphs and incorporates it into this cause of action as if it was fully alleged herein.

79. At all relevant times mentioned in this complaint, the FEHA was in full force and effect and was binding on Defendant. This law requires Defendant to refrain from, among other things, discriminating against any employee on the basis of disability, medical condition, real or perceived, and use of medical leave, and from retaliating against any employee who engages in protected activity.

COMPLAINT FOR COMPENSATORY, PUNITIVE, AND LIQUIDATED DAMAGES, AND INJUNCTIVE RELIEF
**JOHNSON V. SWIFT TRANSPORTATION, INC. ET AL.**

*EMPLOYEES FIRST LABOR LAW*
*235 S. LAKE AVE. 3rd FLOOR*
*PASADENA, CALIFORNIA 91101*

80. At all times mentioned in this complaint, it was a fundamental policy of the State of California that Defendant cannot discriminate and/or retaliate against any employee on the basis of disability, medical condition, real or perceived, use of medical leave and/or engagement in protected activity.

81. Plaintiff believes and thereon alleges that Plaintiff's disability and/or medical condition, real or perceived, use of medical leave, engagement in protected activity with respect to these protected classes, and/or some combination thereof, were factors in Defendant's conduct as alleged hereinabove.

82. Such discrimination, resulting in the wrongful termination of Plaintiff's employment on the basis of disability, medical condition, real or perceived, or use of medical leave, Plaintiff's complaining of discrimination due to these protected classes, Plaintiff's engagement in protected activity, and/or some combination of these factors, were a proximate cause in Plaintiff's damages as stated below.

83. The above said acts of Defendant constitute violations of the Government Code and the public policy of the State of California embodied therein as set forth above. Defendant violated these laws by discriminating and retaliating against Plaintiff and terminating Plaintiff's employment in retaliation for exercise of protected rights.

84. At all times mentioned in this complaint, it was a fundamental policy of the State of California that Defendant cannot discriminate and/or retaliate against any employee on the basis of use of CFRA leave or in violation of FEHA.

85. Plaintiff is informed and believes, and based thereupon alleges, that Plaintiff's status as a protected member of the class under FEHA was a proximate cause in Plaintiff's damages as stated below.

86. The damage allegations, as set forth above inclusive, are herein incorporated by reference.

87. The foregoing conduct of Defendant individually, or by and through its officers, directors and/or managing agents, was intended by Defendant to cause injury to Plaintiff or was despicable conduct carried on by Defendant with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to

EMPLOYEES FIRST LABOR LAW
225 S. LAKE AVE. 3rd FLOOR
PASADENA, CALIFORNIA 91101

-15-

constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendant.

88.  Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

COMPLAINT FOR COMPENSATORY, PUNITIVE, AND LIQUIDATED DAMAGES, AND INJUNCTIVE RELIEF
**JOHNSON V. SWIFT TRANSPORTATION, INC. ET AL.**

EMPLOYEES FIRST LABOR LAW
225 S. LAKE AVE. 3RD FLOOR
PASADENA, CALIFORNIA 91101

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment against Defendants and each of them, in an amount according to proof but estimated to be no less than $500,000 as follows:

1.      For a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress, physical injury related to emotional distress, and loss of earning capacity;

2.      For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter;

3.      For a declaratory judgment reaffirming Plaintiff's equal standing under the law and condemning Defendants' discriminatory practices;

4.      For injunctive relief barring Defendants' discriminatory employment policies and practices in the future, and restoring Plaintiff to Plaintiff's former position with Defendants;

5.      For punitive damages, pursuant to Civil Code §§3294 in amounts sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;

6.      For costs of suit, attorneys' fees, and expert witness fees pursuant to the FEHA and/or any other basis;

7.      For post-judgment interest; and

8.      For any other relief that is just and proper.


DATED: April 23, 2019                **EMPLOYEES FIRST LABOR LAW**


By: _____
Jonathan P. LaCour, Esq.
Attorneys for Plaintiff
JAMES JOHNSON

COMPLAINT FOR COMPENSATORY, PUNITIVE, AND LIQUIDATED DAMAGES, AND INJUNCTIVE RELIEF
**JOHNSON V. SWIFT TRANSPORTATION, INC. ET AL.**

## DEMAND FOR JURY TRIAL

Plaintiff demands trial of all issues by jury.

DATED: April 23, 2019

EMPLOYEES FIRST LABOR LAW

By: _____
Jonathan P. LaCour, Esq.
Attorneys for Plaintiff
JAMES JOHNSON

COMPLAINT FOR COMPENSATORY, PUNITIVE, AND LIQUIDATED DAMAGES, AND INJUNCTIVE RELIEF
JOHNSON V. SWIFT TRANSPORTATION, INC. ET AL.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EMPLOYEES FIRST LABOR LAW
225 S. LAKE AVE. 3RD FLOOR
PASADENA, CALIFORNIA 91101

# EXHIBIT 1



STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency                              GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

April 22, 2019

RE:     **Notice of Filing of Discrimination Complaint**
        DFEH Matter Number: 201904-05882622
        Right to Sue: Johnson / SWIFT TRANSPORTATION, INC

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency                                           GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**               KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

April 22, 2019

James Johnson
225 S. Lake Ave., Suite 300
Pasadena, California 91101

RE:   **Notice of Case Closure and Right to Sue**
      DFEH Matter Number: 201904-05882622
      Right to Sue: Johnson / SWIFT TRANSPORTATION, INC

Dear James Johnson,

This letter informs you that the above-referenced complaint was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective April
22, 2019 because an immediate Right to Sue notice was requested. DFEH will take no
further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
James Johnson                                      DFEH No. 201904-05882622

                                  Complainant,

vs.

SWIFT TRANSPORTATION, INC
1605 Chapin Rd.,
Montebello, California 90640

                                  Respondents

_____

1. Respondent **SWIFT TRANSPORTATION, INC** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **James Johnson**, resides in the City of **Pasadena** State of **California.**

3. Complainant alleges that on or about **November 16, 2018**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's disability (physical or mental), medical condition (cancer or genetic characteristic).

**Complainant was discriminated against** because of complainant's disability (physical or mental), medical condition (cancer or genetic characteristic) and as a result of the discrimination was terminated, denied reasonable accommodation for a disability.

**Complainant experienced retaliation** because complainant requested or used a disability-related accommodation and as a result was terminated, denied reasonable accommodation for a disability.

Date Filed: April 22, 2019

**Additional Complaint Details:** Defendant hired Plaintiff as a truck driver on or about July 7, 2017 at a rate of pay of $18.75 per hour. Plaintiff's duties included traveling to train yards to pick up shipping containers and then taking those containers to various distribution centers. Plaintiff generally worked 12 hour shifts for five to six days per week throughout his employment.

Throughout the entirety of his employment, Plaintiff performed all of his job duties satisfactorily and never received any complaints.

On or about November 13, 2018, Plaintiff became disabled when he injured his back by slipping on fuel at a gas station and falling on the ground.

When Plaintiff got back into his truck to start driving again, he began hurting, and so he called his acting supervisor, Angel (last name unknown) to inform him of the injury. Angel also told Plaintiff to ice his injury and that if Plaintiff still did not feel well after that, to make a doctor's appointment.

Plaintiff promptly went home and attempted to treat his injury by icing it, but the next morning he was still in pain. Plaintiff therefore made a doctor's appointment for that same day, November 14, 2018.

At that appointment, Plaintiff's doctor confirmed that Plaintiff suffered a back injury in the form of a lumbar strain, prescribed chiropractic therapy and pain medication, and gave Plaintiff a return to work notice as of November 14, 2018 with restrictions that Plaintiff should limit his stooping, bending, lifting, pulling, and pushing. Plaintiff's restrictions also included that he not drive the company truck for Defendant. At that time, Plaintiff's doctor expected Plaintiff to recover and no longer need restrictions by December 31, 2018. Plaintiff sent Defendant this doctor's note on or about the same day of his appointment. Plaintiff's supervisor indicated he could not return to work with restrictions.

Plaintiff, however, was eager to continue working his normal job duties for Defendant, and believed that he could resume working his 12 hour shifts for Defendant shortly after his injury, with or without accommodations. To comply with his supervisor's request, Plaintiff returned to his doctor on or about November 16, 2018, who at that time issued Plaintiff a return to work notice without restrictions.

Plaintiff provided Defendant with his return to work notice without restrictions and called his supervisor Johnny Larue ("Mr. Larue"), indicating that he was ready to return to work.

Nevertheless, Mr. Larue then told Plaintiff that Defendant was terminating Plaintiff from employment despite Plaintiff's satisfactory performance. Although Plaintiff

Date Filed: April 22, 2019

attempted to challenge his termination with Defendant, Plaintiff never received any response from Defendant as to his challenge.

Defendant issued Plaintiff a separation of employment notice, listing discharge as the reason for separation, and dating the date of discharge as November 16, 2018.

At all relevant times, Defendant failed to properly engage in a good faith interactive process in an effort to properly accommodate Plaintiff's disability and/or medical condition such that Plaintiff could continue working for Defendant.

At all relevant times, Defendant failed to reasonably accommodate Plaintiff even though Plaintiff was able to perform Plaintiff's essential job duties with or without accommodations.

Plaintiff's termination was substantially motivated by Plaintiff's disability or perceived disability, medical condition or perceived medical condition, request for accommodation, and/or engagement in protected activities, without any discussion of disability accommodations or any good faith attempt to engage in the interactive process with Plaintiff.

-3-

*Complaint – DFEH No. 201904-05882622*

Date Filed: April 22, 2019

VERIFICATION

I, **Jonathan Pierre LaCour**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On April 22, 2019, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Pasadena, California**

*Complaint – DFEH No. 201904-05882622*

Date Filed: April 22, 2019

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:         FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department,

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

    c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

    d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

    e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

LACIV 036 (new)
LASC Approved 04/11
For Optional Use
    **STIPULATION – DISCOVERY RESOLUTION**
    Page 2 of 3

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | | STATE BAR NUMBER | | Reserved for Clerk's File Stamp |
|---|---|---|---|---|
| TELEPHONE NO.: | FAX NO. (Optional): | | | |
| E-MAIL ADDRESS (Optional): | | | | |
| ATTORNEY FOR (Name): | | | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.").

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

| SHORT TITLE | | CASE NUMBER |
|---|---|---|
| | | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   <span>(INSERT DATE)</span>       <span>(INSERT DATE)</span>
   complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____     ➢ _____
(TYPE OR PRINT NAME)           (ATTORNEY FOR PLAINTIFF)
Date:

_____     ➢ _____
(TYPE OR PRINT NAME)           (ATTORNEY FOR DEFENDANT)
Date:

_____     ➢ _____
(TYPE OR PRINT NAME)           (ATTORNEY FOR DEFENDANT)
Date:

_____     ➢ _____
(TYPE OR PRINT NAME)           (ATTORNEY FOR DEFENDANT)
Date:

_____     ➢ _____
(TYPE OR PRINT NAME)           (ATTORNEY FOR _____)
Date:

_____     ➢ _____
(TYPE OR PRINT NAME)           (ATTORNEY FOR _____)
Date:

_____     ➢ _____
(TYPE OR PRINT NAME)           (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE** (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request)

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER |
|---|---|

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

The parties agree that:

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

STIPULATION AND ORDER – MOTIONS IN LIMINE

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

## The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER



# Superior Court of California, County of Los Angeles

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration and settlement conferences. When ADR is done by phone or computer, it may be called Online Dispute Resolution (ODR). These "alternatives" to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees and witness fees.
- **Keeps Control with the parties:** Parties choose their ADR process and provider for voluntary ADR.
- **Reduces stress/protects privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:
1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral "mediator" listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   Mediation may be appropriate when the parties
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   Mediation may not be appropriate when the parties
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

LASC1

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action. My business address is 10960 Wilshire Boulevard, 18th Floor, Los Angeles, CA 90024-3804.

On May 22, 2019, I served the following document(s) described as **NOTICE OF REMOVAL** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 22, 2019, at Los Angeles, California.

Gianna M. DeGuire

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

LEGAL:05742-0024/11607866.1

-1-

Case No.

NOTICE OF REMOVAL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SERVICE LIST**
**James Johnson v. Swift Transportation, Inc.**

Jonathan P. LaCour, Esq.
Lisa Noveck, Esq.
Employees First Labor Law P.C.
225 S. Lake Avenue, 3rd Floor
Pasadena, CA 91101
Tel: (310) 853-3461 / Fax: (949) 743-5442
Email: jonathanl@pierrelacour.com
         lisan@pierrelacour.com
**Attorneys for Plaintiff, JAMES JOHNSON**

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650