Kevin D. Smith (State Bar No. 113633)
ksmith@wshblaw.com
Stacey F. Blank (State Bar No. 174378)
sblank@wshblaw.com
**Wood, Smith, Henning & Berman LLP**
10960 Wilshire Boulevard, 18th Floor
Los Angeles, California 90024-3804
Phone: 310-481-7600 ♦ Fax: 310-481-7650

Attorneys for Defendant Swift Transportation Co. of Arizona, LLC. erroneously named and served as Swift Transportation Company, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES JOHNSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SWIFT TRANSPORTATION, INC., an Arizona Corporation, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 2:19-cv-04455-GW-JC<br><br>**DEFENDANT SWIFT TRANSPORTATION CO. OF ARIZONA'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Trial Date:    None Set |

COMES NOW DEFENDANT SWIFT TRANSPORTATION CO. OF ARIZONA, LLC ("Defendant") erroneously sued as Swift Transportation Inc. to answer the Complaint for Damages ("Complaint") filed by Plaintiff JAMES JOHNSON ("Plaintiff") and admits, denies, and alleges as follows:

1.    Answering Paragraph 1, Defendant submits that this Court has subject matter jurisdiction to hear this case because complete diversity exists and Plaintiff's stated amount in controversy exceeds the jurisdictional minimum set forth in this Court.

2.    Answering Paragraph 2, Defendant lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and

therefore denies, generally and specifically, each and every allegation.

3.      Answering Paragraph 3, Defendant denies the allegations in contained in Paragraph 3 of the Complaint. Swift Transportation Inc. is not an existing entity. Defendant admits, Swift Transportation Co. of Arizona, LLC is a limited liability company organized under the laws of Delaware and is an existing entity with its principal place of business located at 2200 S. 75th Avenue, Phoenix, Arizona 85043.

4.      Answering Paragraph 4, Defendant admits that it is a long haul motor carrier who operates trucks throughout California. Except as specifically admitted, Defendant denies, generally and specifically, each and every allegation in Paragraph 4.

5.      Answering Paragraph 5, Defendant admits that Plaintiff was employed as a Driver in California. Except as specifically admitted, Defendant denies, generally and specifically, each and every allegation in Paragraph 5.

6.      Answering Paragraph 6, Defendant lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and therefore denies, generally and specifically, each and every allegation in Paragraph 6.

7.      Answering Paragraph 7, Defendant lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and therefore denies, generally and specifically, each and every allegation in Paragraph 7.

8.      Answering Paragraph 8, Defendant lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint and therefore denies, generally and specifically, each and every allegation in Paragraph 8.

9.      Answering Paragraph 9, Defendant submits that no answer is required to Paragraph 9, which merely purports to recite Plaintiff's belief concerning alleged acts. To the extent that Paragraph 9 asserts conclusions of law, it neither requires

nor warrants a response. Except as specifically admitted, Defendant denies, generally and specifically, each and every allegation in Paragraph 9.

10. Answering Paragraph 10, Defendant submits that no answer is required to Paragraph 10, which merely purports to recite Plaintiff's causes of action. To the extent that Paragraph 10 asserts conclusions of law, it neither requires nor warrants a response. Except as specifically admitted, Defendant denies, generally and specifically, each and every allegation in Paragraph 10.

11. Answering Paragraph 11, Defendant lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and therefore denies, generally and specifically, each and every allegation in Paragraph 11. To the extent that Paragraph 11 asserts conclusions of law, it neither requires nor warrants a response. Except as specifically admitted, Defendant denies, generally and specifically, each and every allegation in Paragraph 11.

12. Answering Paragraph 12 and its subparts, generally, Defendant lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and its subparts of the Complaint and therefore denies, generally and specifically, each and every allegation in Paragraph 12 and its subparts. To the extent that Paragraph 12 and its subparts asserts conclusions of law, it neither requires nor warrants a response. Except as specifically admitted, Defendant denies, generally and specifically, each and every allegation in Paragraph 12 and its subparts.

13. Answering Paragraph 13, Defendant submits that no answer is required to Paragraph 13, as it asserts conclusions of law, which neither require nor warrants a response. Except as specifically admitted, Defendant denies, generally and specifically, each and every allegation in Paragraph 13.

14. Answering Paragraph 14, Defendant admits that Plaintiff was employed as a Driver in California for Defendant. Except as specifically admitted, Defendant denies, generally and specifically, each and every allegation in Paragraph 14.

15. Answering Paragraph 15, Defendant submits that no answer is required

to Paragraph 15, as it asserts conclusions of law, which neither require nor warrants a response. Except as specifically admitted, Defendant denies, generally and specifically, each and every allegation in Paragraph 15.

16. Answering Paragraph 16, Defendant admits that Plaintiff was employed as a Driver in California for Defendant on or about July 7, 2017. Except as specifically admitted, Defendant denies, generally and specifically, each and every allegation in Paragraph 16.

17. Answering Paragraph 17, Defendant denies the allegations contained in Paragraph 17.

18. Answering Paragraph 18, Defendant admits Plaintiff claims he injured himself during the course and scope of his job duties. As to the remaining allegations, Defendant denies, generally and specifically, each and every allegation in Paragraph 18, except as specifically admitted.

19. Answering Paragraph 19, Defendant lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and therefore denies, generally and specifically, each and every allegation in Paragraph 19.

20. Answering Paragraph 20, Defendant denies Plaintiff went to the doctor on November 14, 2018. Upon information and belief, Plaintiff's first doctor's visit for the alleged injury sustained on November 13, 2018 was on November 16, 2018. Plaintiff was released to full duty on November 16, 2018. As to the remaining allegations, Defendant lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and therefore denies, generally and specifically, the remaining allegations in Paragraph 20.

21. Answering Paragraph 21, Defendant denies Plaintiff was given a return to work notice with restrictions on November 14, 2018. Upon information and belief, Plaintiff's first visit with his doctor was November 16, 2018 wherein he was provided a return to work notice without restrictions at that appointment. As to the

remaining allegations, Defendant lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint and therefore denies, generally and specifically, each and every allegation in Paragraph 21.

22. Answering Paragraph 22, Defendant admits Plaintiff was issued a return to work notice without restrictions on November 16, 2018. As to the remaining allegations, Defendant lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and therefore denies, generally and specifically, the remaining allegations in Paragraph 22.

23. Answering Paragraph 23, Defendant admits Plaintiff was returned to work without restrictions on November 16, 2018. As to the remaining allegations, Defendant lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint and therefore denies, generally and specifically, the remaining allegations in Paragraph 23.

24. Answering Paragraph 24, Defendant admits it terminated Plaintiff. Defendant denies, generally and specifically, all remaining allegations in Paragraph 24.

25. Answering Paragraph 25, Defendant admits the allegations in Paragraph 25.

26. Answering Paragraph 26, Defendant denies the allegations in Paragraph 26.

27. Answering Paragraph 27, Defendant denies the allegations in Paragraph 27.

28. Answering Paragraph 28, Defendant denies the allegations in Paragraph 28.

29. Answering Paragraph 29, Defendant submits that no answer is required to Paragraph 29, as it asserts conclusions of law, which neither require nor warrants a response. To the extent a response is required, Defendant lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the

Complaint and therefore denies, generally and specifically, each and every allegation in Paragraph 29.

30. Answering Paragraph 30, Defendant lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint and therefore denies, generally and specifically, each and every allegation in Paragraph 30.

31. Answering Paragraph 31, Defendant denies the allegations in Paragraph 31.

32. Answering Paragraph 32, Defendant submits that no answer is required to Paragraph 32, as it asserts conclusions of law, which neither require nor warrants a response. To the extent a response is required, Defendant denies, generally and specifically, each allegation in Paragraph 32.

33. Answering Paragraph 33, Defendant denies the allegations in Paragraph 33.

### First Cause of Action

34. Answering Paragraph 34, Defendant incorporates by reference its responses to Paragraphs 1 through 33 of the Complaint.

35. Answering Paragraph 35, Defendant states that to the extent Paragraph 35 purports to be a statement of law, it does not require or permit a response.

36. Answering Paragraph 36, Defendant states that to the extent Paragraph 36 purports to be a statement of law, it does not require or permit a response.

37. Answering Paragraph 37, Defendant denies the allegations in Paragraph 37.

38. Answering Paragraph 38, Defendant denies the allegations in Paragraph 38.

39. Answering Paragraph 39, Defendant submits that to the extent Paragraph 39 references a document, Defendant states the document speaks for itself, and thus no response is required or permitted.

40. Answering Paragraph 40, Defendant denies the allegations in Paragraph 40.

41. Answering Paragraph 41, Defendant denies the allegations in Paragraph 41.

42. Answering Paragraph 42, Defendant denies the allegations in Paragraph 42.

43. Answering Paragraph 43, Defendant denies the allegations in Paragraph 43.

44. Answering Paragraph 44, Defendant denies the allegations in Paragraph 44.

### Second Cause of Action

45. Answering Paragraph 45, Defendant incorporates by reference its responses to Paragraphs 34 through 44 of the Complaint.

46. Answering Paragraph 46, Defendant states that to the extent Paragraph 46 purports to be a statement of law, it does not require or permit a response.

47. Answering Paragraph 47, Defendant denies the allegations in Paragraph 47.

48. Answering Paragraph 48, Defendant submits that no answer is required to Paragraph 48 as it asserts conclusions of law, which neither require nor warrant a response. To the extent a response is required, Defendant lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Complaint and therefore denies, generally and specifically, each and every allegation in Paragraph 48.

49. Answering Paragraph 49, Defendant denies the allegations in Paragraph 49.

50. Answering Paragraph 50, Defendant denies the allegations in Paragraph 50.

51. Answering Paragraph 51, Defendant denies the allegations in Paragraph

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

LEGAL:05742-0024/11798056.1              -7-              Case No.
DEFENDANT SWIFT TRANSPORTATION CO. OF ARIZONA'S ANSWER TO PLAINTIFF'S COMPLAINT

51.

52. Answering Paragraph 52, Defendant denies the allegations in Paragraph 52.

### Third Cause of Action

53. Answering Paragraph 53, Defendant incorporates by reference its responses to Paragraphs 45 through 52 of the Complaint.

54. Answering Paragraph 54, Defendant denies the allegations in Paragraph 54.

55. Answering Paragraph 55, Defendant submits that no answer is required to Paragraph 55 as it asserts conclusions of law, which neither require nor warrant a response.

56. Answering Paragraph 56, Defendant submits that no answer is required to Paragraph 56 as it asserts conclusions of law, which neither require nor warrant a response.

57. Answering Paragraph 57, Defendant denies the allegations in Paragraph 57.

58. Answering Paragraph 58, Defendant denies the allegations in Paragraph 58.

59. Answering Paragraph 59, Defendant denies the allegations in Paragraph 59.

60. Answering Paragraph 60, Defendant denies the allegations in Paragraph 60.

61. Answering Paragraph 61, Defendant denies the allegations in Paragraph 61.

### Fourth Cause of Action

62. Answering Paragraph 62, Defendant incorporates by reference its responses to Paragraphs 53 through 61 of the Complaint.

63. Answering Paragraph 63, Defendant submits that no answer is required

to Paragraph 63 as it asserts conclusions of law, which neither require nor warrant a response. To the extent a response is required, Defendant denies the allegations in Paragraph 63.

64. Answering Paragraph 64, Defendant denies the allegations in Paragraph 64.

65. Answering Paragraph 65, Defendant denies the allegations in Paragraph 65.

66. Answering Paragraph 66, Defendant denies the allegations in Paragraph 66.

67. Answering Paragraph 67, Defendant submits no response is required nor warranted. All responses are incorporated herein by reference.

68. Answering Paragraph 68, Defendant denies the allegations in Paragraph 68.

69. Answering Paragraph 69, Defendant denies Plaintiff is entitled to attorneys' fees and costs. Defendant denies any remaining allegations in Paragraph 69.

### Fifth Cause of Action

70. Answering Paragraph 70, Defendant incorporates by reference its responses to Paragraphs 62 through 69 of the Complaint.

71. Answering Paragraph 71, Defendant submits that no answer is required to Paragraph 71 as it asserts conclusions of law, which neither require nor warrant a response. To the extent a response is required, Defendant denies the allegations in Paragraph 71.

72. Answering Paragraph 72, Defendant denies the allegations in Paragraph 72.

73. Answering Paragraph 73, Defendant denies the allegations in Paragraph 73.

74. Answering Paragraph 74, Defendant denies the allegations in Paragraph

74.

75. Answering Paragraph 75, Defendant submits no response is required nor warranted. All responses are incorporated herein by reference.

76. Answering Paragraph 76, Defendant denies the allegations in Paragraph 76.

77. Answering Paragraph 77, Defendant denies Plaintiff is entitled to attorneys' fees and costs. Defendant denies any remaining allegations in Paragraph 77.

### Sixth Cause of Action

78. Answering Paragraph 78, Defendant incorporates by reference its responses to Paragraphs 70 through 77 of the Complaint.

79. Answering Paragraph 79, Defendant submits that no answer is required to Paragraph 79 as it asserts conclusions of law, which neither require nor warrant a response. To the extent a response is required, Defendant denies the allegations in Paragraph 79.

80. Answering Paragraph 80, Defendant submits that no answer is required to Paragraph 80 as it asserts conclusions of law, which neither require nor warrant a response. To the extent a response is required, Defendant denies the allegations in Paragraph 80.

81. Answering Paragraph 81, Defendant denies the allegations in Paragraph 81.

82. Answering Paragraph 82, Defendant denies the allegations in Paragraph 82.

83. Answering Paragraph 83, Defendant denies the allegations in Paragraph 83.

84. Answering Paragraph 84, Defendant submits that no answer is required to Paragraph 84 as it asserts conclusions of law, which neither require nor warrant a response. To the extent a response is required, Defendant denies the allegations in

1  Paragraph 84.

2  85. Answering Paragraph 85, Defendant denies the allegations in Paragraph
3  85.

4  86. Answering Paragraph 86, Defendant submits no response is required
5  nor warranted. All responses are incorporated herein by reference.

6  87. Answering Paragraph 87, Defendant denies the allegations in Paragraph
7  87.

8  88. Answering Paragraph 88, Defendant denies Plaintiff is entitled to
9  attorneys' fees and costs. Defendant denies any remaining allegations in Paragraph
10 88.

## Prayer For Relief

89. No answer is required to Plaintiff's Prayer for Relief, which merely sets forth the type of relief sought by Plaintiff. To the extent an answer is required, Defendant denies, generally and specifically, each and every allegation and alleged entitlement to relief set forth under the heading Prayer for Relief.

## Affirmative Defenses

90. Without waiving or excusing the burden of proof of the named Plaintiff or admitting Defendant has any burden of proof, Defendant asserts the following Affirmative Defenses:

## FIRST AND SEPARATE AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

91. As a separate and DISTINCT affirmative defense to the Complaint, Defendant alleges the Complaint and each cause of action set forth therein fails to state sufficient facts to constitute a cause of action against Defendant.

## SECOND SEPARATE AND AFFIRMATIVE DEFENSE
### (Imposition of Penalties Would Violate Due Process)

92. As separate and DISTINCT affirmative defense to the Complaint, Defendant alleges that the imposition of replicating penalties, as applied to the

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

alleged facts and circumstances of this case, would violate Defendant's due process rights under the Fourteenth Amendment of the United States Constitution and under the Constitution and laws of the State of California. Lockyer v. R.J. Reynolds Tobacco Co. (2005) 37 Cal. 4th 707; Ratner v. Chemical Bank New York Trust Co. (S.D.N.Y. 1972) 54 F.R.D. 412.

### THIRD SEPARATE AND AFFIRMATIVE DEFENSE
### (Bad Faith)

93. As a separate and DISTINCT affirmative defense to the Complaint, Defendant alleges that a reasonable opportunity for investigation and discovery will reveal and, on that basis, alleges Plaintiff's claims are unreasonable and/or were filed in bad faith and/or are frivolous and, for that reason, justify an award of attorneys' fees and costs against Plaintiff and his attorneys. Defendant reserves the right to amend its answer upon further investigation and discovery of facts supporting this defense.

### FOURTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Breach of Duty)

94. As a separate and DISTINCT affirmative defense to the Complaint, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal and, on that basis, alleges Plaintiff's claims, are barred by his own breach of the duties owed to Defendant under California Labor Code section 2854, 2856, 2857, 2858 and/or 2859.

### FIFTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Waiver)

95. As a separate and DISTINCT affirmative defense to the Complaint, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, the Complaint and each cause of action set forth therein are barred by the doctrine of waiver. Defendant reserves the right to amend its answer upon further investigation and discovery of facts

supporting this defense.

### SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Consent)

96. As a separate and DISTINCT affirmative defense to the Complaint, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, the Complaint and each cause of action set forth therein are barred by the doctrine of consent. Defendant reserves the right to amend its answer upon further investigation and discovery of facts supporting this defense.

### SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Estoppel)

97. As a separate and DISTINCT affirmative defense to the Complaint, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, the Complaint and each cause of action set forth therein are barred by the doctrine of estoppel. Defendant reserves the right to amend its answer upon further investigation and discovery of facts supporting this defense.

### EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Laches)

98. As a separate and DISTINCT affirmative defense to the Complaint, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, the Complaint and each cause of action set forth therein are barred by the doctrine of laches. Defendant reserves the right to amend its answer upon further investigation and discovery of facts supporting this defense.

### NINTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Unclean Hands)

99. As a separate and DISTINCT affirmative defense to the Complaint,

Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, the Complaint and each cause of action set forth therein are barred by the doctrine of unclean hands. Defendant reserves the right to amend its answer upon further investigation and discovery of facts supporting this defense.

## TENTH SEPARATE AND AFFIRMATIVE DEFENSE
### (After-Acquired Evidence)

100. As a separate and DISTINCT affirmative defense to the Complaint, Defendant alleges that, to the extent during the course of this litigation Defendant acquires any evidence of wrongdoing of Plaintiff, which wrongdoing would have materially affected the terms and conditions of Plaintiff's employment, or would have resulted in Plaintiff being either demoted, disciplined, or terminated, such after-acquired evidence shall bar Plaintiff's claim on liability or damages and shall reduce such claim as provided by law.

## ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Uncertainty)

101. As a separate and DISTINCT affirmative defense to the Complaint, Defendant alleges the Complaint, and the claims asserted therein, are uncertain.

## TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Failure to Exhaust)

102. As a separate and DISTINCT affirmative defense to the Complaint, Defendant alleges that the Complaint and each cause of action set forth therein are barred because Plaintiff failed to timely and completely exhaust his requisite administrative and/or contractual remedies available to him under the California Labor Code or other provisions of law prior to commencing this action.

## THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

103. As a separate and DISTINCT affirmative defense to the Complaint,

Defendant alleges that each purported cause of action set forth in the Complaint is barred in whole or in part by the applicable statute(s) of limitation, including without limitation, the three-year limitations period contained in California Code of Civil Procedure section 338; the six-month contractual limitation period; the one-year limitations period governing recovery of statutory penalties contained in California Code of Civil Procedure section 340(1); Cal. Labor Code section 203; and/or the four year limitations period found in Business and Professions Code section 17208.

### FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Mitigation of Damages)

104.   As a separate and DISTINCT affirmative defense to the Complaint, and to each cause of action contained therein, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, Plaintiff has failed to exercise reasonable care to mitigate his damages, if any were suffered, and that his right to recover against Defendant should be reduced and/or eliminated by such a failure.

### FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Lack of Specificity)

105.   As a separate and DISTINCT affirmative defense to the Complaint, Defendant alleges Plaintiff has failed to allege special damages with requisite specificity.

### SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Prejudgment Interest)

106.   As a separate and DISTINCT affirmative defense to the Complaint, Defendant alleges that the Complaint fails to properly state a claim upon which prejudgment interest may be awarded, as the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

///

## SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Bus. & Prof. Code § 17200 – Violates Due Process)

107. As a separate and DISTINCT affirmative defense to the Complaint, Defendant alleges the prosecution of a representative action on behalf of the general public under California Business and Professions Code section 17200 et seq., as applied to the facts and circumstances of this case, would constitute a denial of Defendant's due process rights, both substantive and procedural, in violation of the California Constitution and the Fourteenth Amendment to the United States Constitution.

## EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Bus. & Prof. Code § 17200 – Lack of Standing)

108. As a separate and DISTINCT affirmative defense to the Complaint, Defendant alleges that, with respect to Plaintiff's claims under California Business and Professions Code section 17200 et seq., the named Plaintiff lacks standing.

## NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Bus. & Prof. Code § 17200 – No Penalties)

109. As a separate and DISTINCT affirmative defense to the Complaint, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal and, on that basis, alleges Plaintiff cannot recover lost wages, penalties, or other monetary remedies under California Business and Professions Code section 17200 et seq.

## TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE
### (Adequate Remedy at Law)

110. As a separate and DISTINCT affirmative defense to the Complaint, Defendant alleges Plaintiff IS not entitled to equitable relief insofar as they have adequate remedies at law.

///

///

## TWENTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE
### (Failure to State a Claim for Attorneys' Fees and Costs)

111. As a separate and DISTINCT affirmative defense to the Complaint, Defendant alleges that the Complaint fails to state a claim for attorneys' fees under Code of Civil Procedure 1021.5, Business and Professions Code section 17200, et seq., or any other basis.

## TWENTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE
### (Unknown Conduct)

112. As a separate and DISTINCT affirmative defense to the Complaint, Defendant alleges that the Complaint and/or each purported cause of action therein cannot be maintained against Defendant because if Defendant's employees (including Plaintiff) took the actions alleged, such actions were committed outside the course and scope of such employees' employment, were not authorized, adopted or ratified by Defendant, and/or Defendant did not know of nor should they have known of such conduct.

## TWENTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE
### (No Harm Suffered)

113. As a separate and DISTINCT affirmative defense to the Complaint, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that Plaintiff has not suffered and will not suffer irreparable harm or any harm as a result of any of the alleged conduct of Defendant.

## TWENTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Amendment of Answer)

114. As a separate and DISTINCT affirmative defense to the Complaint, Defendant alleges the Complaint does not describe the claims or facts being alleged with sufficient particularity to permit Defendant to ascertain what other defenses may exist. Defendant will rely on any and all further defenses that become available or appear during discovery in this action and specifically reserves the right to amend

this Answer for purposes of asserting such additional affirmative defenses.

WHEREFORE, Defendant Swift Transportation Co. of Arizona, LLC. prays that:

1. Plaintiff's Complaint be dismissed in its entirety with prejudice;
2. Plaintiff take nothing by this action;
3. Defendant be awarded judgment in its favor and against Plaintiff;
4. Defendant be awarded its costs of suit and attorneys' fees incurred herein; and
5. Defendant be awarded such further relief as the Court deems just and proper.

DATED: June 4, 2019            WOOD, SMITH, HENNING & BERMAN LLP


By:    /s/ Stacey F. Blank
       KEVIN D. SMITH
       STACEY F. BLANK
Attorneys for Defendant Swift Transportation Co. of Arizona, LLC. erroneously named and served as Swift Transportation Company, Inc.

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action. My business address is 10960 Wilshire Boulevard, 18th Floor, Los Angeles, CA 90024-3804.

On June 4, 2019, I served the following document(s) described as **DEFENDANT SWIFT TRANSPORTATION CO. OF ARIZONA'S ANSWER TO PLAINTIFF'S COMPLAINT** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 4, 2019, at Los Angeles, California.

*/s/ Gianna M. DeGuire*
Gianna M. DeGuire

LEGAL:05742-0024/11798056.1                -1-                           Case No.
DEFENDANT SWIFT TRANSPORTATION CO. OF ARIZONA'S ANSWER TO PLAINTIFF'S COMPLAINT

**SERVICE LIST**
**James Johnson v. Swift Transportation, Inc.**

Jonathan P. LaCour, Esq.
Lisa Noveck, Esq.
Employees First Labor Law P.C.
225 S. Lake Avenue, 3rd Floor
Pasadena, CA 91101
Tel: (310) 853-3461 / Fax: (949) 743-5442
Email: jonathanl@pierrelacour.com
         lisan@pierrelacour.com
**Attorneys for Plaintiff, JAMES JOHNSON**

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

LEGAL:05742-0024/11798056.1                     -2-                                Case No.
DEFENDANT SWIFT TRANSPORTATION CO. OF ARIZONA'S ANSWER TO PLAINTIFF'S COMPLAINT